UNITED STATES COURT OF APPEALS
**Filed 5/13/96**
TENTH CIRCUIT

---

PAUL HENRY HORSTMANN,   )
BERTHA BEATRICE HORSTMANN, )
            )
  Plaintiffs-Appellants,    )
            )
  v.          )     No. 95-2079
            )  (D.C. No. CIV 95-425 JP/JHG)
UNITED STATES OF AMERICA; DEPART- )   (D. New Mexico)
MENT OF JUSTICE; OFFICE OF THE U S )
TRUSTEE; JOHN E. FOULSTON;  )
MARK B. MCFEELEY; RICHARD L.  )
BOHANON; HARLEY SWINK; ERNESTO )
ROMERO; JOHN D. PHILLIPS; CHRISTINE )
COOK NETTESHEIM,    )
            )
  Defendants-Appellees.   )

---

ORDER AND JUDGMENT[*]

---

Before ANDERSON, BARRETT and LOGAN, Circuit Judges.

---

  [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs pro se Paul Henry Horstmann and Bertha Beatrice Horstmann appeal from the district court's order dismissing their civil action against two bankruptcy judges, a court of claims judge, a trustee in bankruptcy, and other defendants. Plaintiffs alleged that defendants conspired against them in plaintiffs' bankruptcy proceeding, that their bankruptcy proceeding was improperly converted from Chapter 11 to Chapter 7, that their home was wrongfully subjected to a foreclosure sale, and that defendants committed numerous other tort-type wrongs. Plaintiffs sought appointment of an independent prosecutor, compensatory and punitive damages, a ruling that the Bankruptcy Code is unconstitutional, and injunctive relief.

The district court found plaintiffs failed to follow its 1990 order, affirmed by this court,[1] requiring inter alia, that plaintiffs obtain leave of the federal court in which they intend to file and certify that their claims are not frivolous. Although the complaint was subject to dismissal for failure to comply with the order, "considering the litigious nature of the plaintiffs, the Court consider[ed] it prudent to discuss the merits of the plaintiffs'

---

[1] See Horstmann v. The Bank of Ruidoso, No. 90-2192 (10th Cir. Jun 14, 1991) (district court did not abuse its discretion in limiting plaintiffs' access to courts).

claims and the defendants' motions to dismiss." Doc. 62 at 7. The court then determined that the case should be dismissed because of lack of jurisdiction in the bankruptcy court where the action was filed, defendants' absolute or qualified immunity, res judicata, failure to satisfy 18 U.S.C. § 1962 (RICO) pleading requirements, and failure to state a claim on which relief can be granted.

Plaintiffs appeal, arguing that the district court erred in dismissing their complaint and violated their due process and equal protection rights by refusing to hold an evidentiary hearing or trial. We have considered the arguments in plaintiffs' briefs and examined the record. After this review we are satisfied that the district court accurately summarized the facts and correctly applied the law. We therefore AFFIRM for substantially the reasons stated in the district court's order of Nov. 28, 1994 ( refiled on March 31, 1995). We deny plaintiffs' motions to remand to the District Court for the District of Nevada and to supplement the record.

The mandate shall issue forthwith.

Entered for the Court

James K. Logan
Circuit Judge